GILES, Appellee,

v.

SCHINDLER ELEVATOR CORPORATION et al., Appellants.

[Cite as *Giles v. Schindler Elevator Corp.* (2001), 146 Ohio App.3d 388.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78082.

Decided Oct. 29, 2001.

*Shapiro, Kendis & Associates* and *Sheldon L. Braverman; Robert N. Stein,* for appellee.

*Squire, Sanders & Dempsey, Jeffrey J. Wedel* and *Juancarlos M. Hunt,* for appellant Cleveland Clinic Foundation.

*Betty Montgomery,* Attorney General, and *Elise Porter,* Assistant Attorney General, for the state.

*Wyckoff & Newborg* and *Steven H. Wyckoff,* for defendant Schindler Elevator Corp.

---

FRANK D. CELEBREZZE, Jr., Judge.

Appellant, Cleveland Clinic Foundation (the "Clinic"), appeals the decision of the trial court granting appellee Toya Lee Giles's motion for summary judgment determining that R.C. 4123.93 was unconstitutional as a violation of the Equal Protection Clause of the Ohio and United States Constitutions. For the reasons set forth below, we affirm.

On or about March 1, 1995, Giles alleged that while an employee of the Clinic, she was injured as she wheeled a patient into an elevator that did not open flush with the floor, causing her to trip and fall. She alleged that her injury was a direct result of Schindler Elevator's failure to repair and maintain the Clinic elevators.

Giles filed a workers' compensation claim for a medical condition described as an L–5 herniated disk. The claim was accepted, and she has undergone substantial rehabilitation, pain management, and psychiatric treatment. The

Clinic paid over $36,391.83 for her medical and rehabilitation expenses and an additional $25,631.18 in disability benefits.

Giles sued Schindler Elevator, under the theory of negligence, further including the Clinic as an additional defendant. The Clinic asserted a right of subrogation pursuant to R.C. 4123.93. Giles further filed for a declaratory judgment claiming that R.C. 4123.93 was unconstitutional.

Before trial, Schindler offered Giles $30,000 to settle the claim. She accepted the offer; however, the court was never requested to apportion the settlement into a specific type of recovery. The Clinic then requested reimbursement for the compensation and benefits it had paid, less reasonable attorney fees, in accordance with the subrogation statute. The court granted Giles's motion for summary judgment based upon its own earlier ruling in *Sharaba v. Budhar*, which found R.C. 4123.931 to be unconstitutional as a violation of the Equal Protection Clause of the United States and Ohio Constitutions.

The Clinic appealed, but the case was then remanded to the trial court for lack of a final appealable order. The trial judge entered a new order stating in part:

"It is further ordered that since this Court has granted plaintiff's motion for summary judgment, this Court specifically declares that the subrogation statute, in effect at the time of the March 1995 occurrence, O.R.C. 4123.93, is unconstitutional and/or invalid as it violates the equal protection clause of the Ohio and United States Constitutions, and/or under the facts and circumstances herein, the subrogation claim of the Clinic is unenforceable under the laws of subrogation. That as a result, Defendant Clinic's subrogation claim [is] unenforceable."

The Clinic's sole assignment of error states:

"The trial court erred in granting plaintiff-appellee's motion for summary judgment determining that Ohio Revised Code 4123.93 was unconstitutional as violative of the Equal Protection Clause of Ohio and United States Constitution."

R.C. 4123.93(D) provides:

"[T]he right of subrogation which inures to the benefit of the administrator, employer or self-insuring employer under division (B) of this section is automatic and applies only if the employee is a party to an action involving the third-party tortfeasor."

The Supreme Court of Ohio has recently published an opinion on the constitutionality of R.C. 4123.931 that addresses a workers' compensation-subrogation right of a statutory subrogee against a third party, in *Holeton v. Crouse Cartage Co.* (2001), 92 Ohio St.3d 115, 748 N.E.2d 1111. Among the many claims brought forth by Holeton was the assertion that the code section in its post-September 29,

1995 form was unconstitutional as a violation of the Equal Protection Clause of Section 2, Article I of the Ohio Constitution.

The Ohio Supreme Court found the argument persuasive and concluded:

"R.C. 4123.931(D) essentially creates a presumption that a double recovery occurs whenever a claimant is permitted to retain worker's compensation and tort recovery. Claimants who try their tort claims are permitted to rebut this presumption, while claimants who settle their claims are not. Such disparate treatment of claimants who settle their tort claims is irrational and arbitrary because, * * * there are situations where claimants' tort recovery is necessarily limited to amounts that if retained along with workers' compensation cannot possibly result in a double recovery." *Id.* at 132, 748 N.E.2d at 1127.

The court further advanced this point by concluding that injured claimants are not free to make the decision of whether to proceed to trial. The court determined that "[t]heir only freedom is to choose the mechanism by which to forfeit their right to property and remedy. And in those situations where claimants are forced to settle for amounts that are insufficient to satisfy more than the subrogee's claim * * * their only freedom is to have their recovery obliterated." *Id.*

The court held that R.C. 4123.931 violated Sections 2, 16, and 19, Article I of the Ohio Constitution to the extent that it distinguishes between claimants who try their tort claims to a verdict and those who settle their tort claims.

We find R.C. 4129.93, in effect at the time of Giles's injury, to be similarly flawed because it too impermissively differentiates between claimants who institute lawsuits against third-party tortfeasors and those who settle with tortfeasors without bringing suit.

Therefore, this court finds that R.C. 4123.93 violates the Equal Protection Clause of Section 2, Article I of the Ohio Constitution, as it improperly distinguishes between those who bring suit on their tort claims and those who settle without bringing suit.

*Judgment affirmed.*

KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., concur.