MODZELEWSKI, Appellee,

v.

YELLOW FREIGHT SYSTEMS, INC. et al., Appellees;
United Parcel Service, Inc., Appellant.

[Cite as *Modzelewski v. Yellow Freight Systems, Inc.*, 151 Ohio App.3d 666, 2003-Ohio-827.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21205.

Decided Feb. 26, 2003.

---

Gary W. Kisling and Gregory W. Modzelewski, for appellee Gary Modzelewski.

Kenneth P. Abbarno, for appellees Yellow Freights System, Inc., and Brian Howe.

Michael J. Hickey and Daniel M. Hall, for appellant.

CARR, Judge.

{¶ 1} Appellant, United Parcel Service, Inc., appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, Gregory Modzelewski, against appellant. This court affirms.

I

{¶ 2} This case evolves from a motor vehicle and pedestrian accident that occurred on February 10, 1998. Appellee, acting within the scope of his employment with appellant, sustained personal injuries when Brian L. Howe, acting within the scope of his employment with Yellow Freight Systems, Inc., backed a semi-truck into appellee, pinning him against a loading dock at Akrochem in Akron, Ohio.

{¶ 3} Appellee originally filed a personal injury suit against Howe, Yellow Freight Systems, Inc., and appellant on October 22, 1999. Appellee voluntarily dismissed this case on February 7, 2001. On February 1, 2002, appellee refiled his complaint for personal injuries, naming the same three parties as defendants in the second case. Appellee alleged that he was injured due to the negligent acts of Howe and Yellow Freight Systems, Inc. Appellant responded to the complaint by asserting a claim for subrogation rights under R.C. Chapter 4123 for the workers' compensation benefits appellant paid to appellee for his injuries.

Appellant is a self-insured employer for the purposes of workers' compensation, and it paid for medical bills, compensation, and benefits under appellee's workers' compensation claim.

{¶ 4} On May 10, 2002, appellee filed a motion for summary judgment against appellant. On May 23, 2002, appellant filed a motion in opposition to appellee's summary judgment motion. On July 8, 2002, the trial court granted summary judgment in favor of appellee against appellant, and later issued a nunc pro tunc order which made the summary judgment order final and appealable.

{¶ 5} Appellant timely appealed from the summary judgment order and sets forth one assignment of error for review.

## II

### ASSIGNMENT OF ERROR

{¶ 6} "The trial court erred when it granted summary judgment against United Parcel Service, and concluded that R.C. 4123.93 was unconstitutional."

{¶ 7} In its sole assignment of error, appellant asserts that the trial court erred when it granted summary judgment in favor of appellee. Specifically, appellant argues that the trial court erred in finding that former R.C. 4123.93 was unconstitutional as the basis for granting summary judgment against appellant. This court disagrees.

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

{¶ 9} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 10} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific

facts showing a genuine issue for trial. Id. at 293, 662 N.E.2d 264. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

{¶ 11}   Only disputes over facts that have the potential to affect the outcome of the lawsuit preclude entry of summary judgment, not the factual disputes that are irrelevant or unnecessary. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. As a result, a moving party is entitled to judgment as a matter of law where the nonmoving party failed to come forth with evidence of specific facts on an essential element of the case with respect to which they have the burden of proof. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265.

{¶ 12}   Ohio's workers' compensation subrogation rights are found within R.C. Chapter 4123. On September 29, 1995, Ohio's 121st General Assembly enacted Amended Substitute House Bill Number 278, 146 Ohio Laws, Part II, 3581. Within the bill, the legislature put into effect R.C. 4123.931 and repealed the previous subrogation statute R.C. 4123.93.

{¶ 13}   In June 2001, the Ohio Supreme Court held that R.C. 4123.931 was unconstitutional in *Holeton v. Crouse Cartage Co.* (2001), 92 Ohio St.3d 115, 748 N.E.2d 1111. Specifically, it found portions of R.C. 4123.931 facially unconstitutional under Sections 16 and 19, Article I, and the Equal Protection Clause of Section 2, Article I of the Ohio Constitution. Id. The *Holeton* court stated that R.C. 4123.931's "disparate treatment" of claimants who settle their claims and claimants who litigate their claims "is irrational and arbitrary." Id. at 132, 748 N.E.2d 1111.

{¶ 14}   In *Yoh v. Schlachter*, 6th Dist. No. WM–01–017, 2002-Ohio-3431, 2002 WL 1436033, the Sixth District Court of Appeals addressed the issue of how R.C. 4123.931's unconstitutionality consequently affected the previous subrogation statute, R.C. 4123.93. In that case, appellant, the Ohio Turnpike Commission ("Commission") argued that the Ohio Supreme Court's decision in the *Holeton* case did not eradicate the former R.C. 4123.93 subrogation statute, which was repealed in the same bill that enacted R.C. 4123.931. Rather, the Commission argued that the former R.C. 4123.93 was now effective because the *Holeton* court found R.C. 4123.931 unconstitutional. Consequently, the Commission was entitled to subrogation from the workers' compensation benefits it paid appellee, Yoh's widow. Yoh's widow presented several arguments, one being that if former

R.C. 4123.93 was indeed still effective, it also was unconstitutional and did not provide subrogation rights for the Commission in the case.

{¶ 15} The *Yoh* court held:

{¶ 16} "The Ohio Supreme Court has addressed this issue generally in *State v. Sullivan* (2001), 90 Ohio St.3d 502, 739 N.E.2d 788, and *State ex rel. Pogue v. Groom* (1914), 91 Ohio St. 1, 109 N.E. 477. In both cases, the Ohio Supreme Court held that under these circumstances the former statute is still effective when it is clear that the General Assembly intended for the repeal of the former statute to be effective only because there was a replacement statute to take its place.

{¶ 17} "In the case before us, Section 12 of H.B. 278 specifically provides that the newly enacted subrogation statute (R.C. 4123.93[1]) was not to be applied retroactively. The bill states that the former R.C. 4123.93 governs subrogation rights for a cause of action that arose after the 1993 amendments to the statute until September 29, 1995, the effective date of H.B. 278, which repealed the former R.C. 4123.93. Because of this language, we find that it is clear that the General Assembly would not have repealed the former R.C. 4123.93 if it believed that newly enacted R.C. 4123.93[1] would be unconstitutional. The General Assembly clearly desires that there be a subrogation statute in Ohio, which is not precluded under the Ohio Constitution. * * * Therefore, * * * we find that former R.C. 4123.93 is still effective." Id.

{¶ 18} After the *Yoh* court found former R.C. 4123.93 to be effective in light of the Ohio Supreme Court finding R.C. 4123.931 to be unconstitutional, it went on to address appellee's assertion that former R.C. 4123.93 was also unconstitutional.

{¶ 19} Effective October 20, 1993, former R.C. 4123.93(D) provided:

{¶ 20} "The right of subrogation which inures to the benefit of the administrator, employer, or self-insuring employer under division (B) of this section is automatic and applies *only if the employee is a party to an action involving the third-party tortfeasor.*" (Emphasis added.)

{¶ 21} After considering the statute in its entirety, the *Yoh* court focused on the wording of subsection (D) and compared it to R.C. 4123.931(D), which has been held unconstitutional, by stating:

{¶ 22} "Subsection (D) of former R.C. 4123.93 provides that the right of subrogation "* * * applies only if the employee is a *party to an action* involving the third-party tortfeasor.' (Emphasis added.) R.C. 4123.931(D) provided that injured employees who go to trial have an opportunity to exclude part of their award from the subrogee's right of reimbursement while those who settle their claims do not have such an opportunity.

{¶ 23} "In *Giles v. Schindler Elevator Corp.* (Oct. [29], 2001), [146 Ohio App.3d 388, 766 N.E.2d 219], the Eighth District Court of Appeals has held that former R.C. 4123.93(D) is unconstitutional on the same basis that R.C. 4123.931(D) was found to be unconstitutional in the *Holeton* case. As discussed above, R.C. 4123.931(D) was declared unconstitutional because it 'distinguishes between claimants who try their tort claims and claimants who settle their tort claims.' Id. at 133 [748 N.E.2d 1111]. We agree with the reasoning of the Eighth District Court of Appeals and also find that former R.C. 4123.93(D) is unconstitutional." *Yoh* at ¶ 42–43.

{¶ 24} Holding that former R.C. 4123.93 was also unconstitutional, the *Yoh* court concluded that the trial court did not err in denying subrogation. In the present case, appellee asserted in his motion for summary judgment that appellant was not entitled to subrogation from Yellow Freight for workers' compensation benefits received by him. Specifically, appellee argued that because appellant's claim was based upon R.C. 4123.931, Ohio's workers' compensation statute, which was found to be unconstitutional, appellant had no right to either subrogation or reimbursement of the worker's compensation paid to him. Appellee cited *Holeton*, 92 Ohio St.3d 115, 748 N.E.2d 1111, in which the Ohio Supreme Court held that R.C. 4123.931 was unconstitutional.

{¶ 25} Appellee also stated in its motion that it anticipated that appellant would respond by asserting subrogation rights under former R.C. 4123.93, which was repealed when the legislature made R.C. 4123.931 effective on September 29, 1995. Appellee proceeded to argue that appellant could not recover under the former R.C. 4123.93, as it was also unconstitutional in that it treated "workers' compensation recipients differently, depending upon whether they file tort claims (in the case of former R.C. Section 4123.93), or try their cases against the tortfeasors (in the case of R.C. Section 4123.931)." Appellee cited *Giles*, 146 Ohio App.3d 388, 766 N.E.2d 219, in which the Eighth District Court of Appeals held former R.C. 4123.93 to be unconstitutional. Appellee concluded that he was entitled to summary judgment against appellant for these reasons.

{¶ 26} In its motion in opposition to appellee's motion for summary judgment, appellant responded by acknowledging that the Ohio Supreme Court found R.C. 4123.931 to be unconstitutional. However, appellant denied that former R.C. 4123.93 is also unconstitutional. Relying on the constitutionality of former R.C. 4123.93, appellant argued that a factual question remained to be determined between the parties. Specifically, appellant argued that the issue of whether appellee was fully compensated for his injuries by the third-party tortfeasor must be determined in order for appellant's right of subrogation to be determined in the case. Appellant concluded by stating that the *Giles* decision was not controlling to its case. Appellant argued that the *Giles* court used faulty

reasoning in finding that former R.C. 4123.93 had flaws similar to R.C. 4123.931 in that it also arbitrarily differentiated between claimants who initiate lawsuits and those who settle their claims out of court.

{¶ 27} After careful review of the record and the applicable law, this court finds that former R.C. 4123.93 is unconstitutional. Former R.C. 4123.93, like R.C. 4123.931, treats claimants who litigate their claims against third-party tortfeasors differently from those who settle such claims out of court. R.C. 4123.931(D) unfairly deterred claimants from pursuing settlement over litigation because it stated that the entire amount of any settlement was unconditionally subject to subrogation, whereas a litigant could obtain a special verdict to protect the entire amount of award from being subject to subrogation. *Yoh* at ¶ 42. Former R.C. 4123.93(D) unfairly deterred claimants from pursing litigation over settlement because it stated that subrogation was automatic "only if" the claimant was a party to litigation involving the third-party tortfeasor, with no mention of such in regard to settlements. Id. Subsequently, this court finds that the trial court properly granted summary judgment in favor of appellee and against appellant concerning subrogation of appellee's potential personal injury award.

### III

{¶ 28} Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

BAIRD, P.J., and BATCHELDER, J., concur.