OHIO BUREAU OF WORKERS' COMPENSATION, APPELLEE, *v.* MCKINLEY

ET AL.; HERITAGE-WTI, INC., APPELLANT.

[Cite as *Ohio Bur. of Workers' Comp. v. McKinley,*

130 Ohio St.3d 156, 2011-Ohio-4432.]

*Workers' compensation—R.C. 4123.931—A claim brought by a statutory subrogee pursuant to R.C. 4123.931(G) to recover its subrogation interest is a claim "upon a liability created by statute" and is therefore subject to the six-year statute of limitations of R.C. 2305.07.*

(No. 2010-0720—Submitted March 2, 2011—Decided September 7, 2011.)

APPEAL from the Court of Appeals for Columbiana County,

No. 09CO3, 2010-Ohio-1006.

_____

SYLLABUS OF THE COURT

A claim brought by a statutory subrogee pursuant to R.C. 4123.931(G) to recover its subrogation interest is a claim "upon a liability created by statute" and is therefore subject to the six-year statute of limitations of R.C. 2305.07.

_____

CUPP, J.

{¶ 1} This case arises because the settlement of a personal-injury suit brought by a recipient of workers' compensation benefits against a third-party tortfeasor did not make any provision to repay the statutory subrogee, plaintiff-appellee, the Ohio Bureau of Workers' Compensation. The bureau brought suit against both the recipient of workers' compensation benefits and the third-party tortfeasor under R.C. 4123.931(G) to recover the full amount of its subrogation interest. The third-party tortfeasor raised a statute-of-limitations defense. The trial court held that a two-year limitations period applied and that it had expired.

The court of appeals reversed and held that a six-year limitations period applied and that it had not yet run out.

{¶ 2} R.C. 4123.931(G) provides that if a settlement or compromise between a workers' compensation "claimant" (as defined in R.C. 4123.93(A)) and a "third party" (as defined in R.C. 4123.93(C)) excludes any amount paid by a "statutory subrogee" (as defined in R.C. 4123.93(B)), "the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest."

{¶ 3} The issue presented is whether a claim under R.C. 4123.931(G) brought by a statutory subrogee to recover its subrogation interest is subject to a two-year statute of limitations (the same limitations period applicable to the injured worker's personal-injury suit against the third party) or to a six-year statute of limitations for an action on "a liability created by statute," R.C. 2305.07. For the reasons that follow, we hold that the claim in this case is an action upon a liability created by statute and that the statute of limitations is six years. We accordingly affirm the judgment of the court of appeals.

## I. Facts and Procedural History

{¶ 4} Because the trial court dismissed the complaint in this case for failure to state a claim upon which relief could be granted, we construe the material allegations in the complaint as true for purposes of this appeal. Jeffrey McKinley was severely injured on July 13, 2003, while in the course of his employment at a work site in East Liverpool, Ohio. The bureau allowed McKinley's claim for workers' compensation benefits.

{¶ 5} McKinley filed an action against his employer and a third party, defendant-appellant, Heritage-WTI, Inc., the owner of the premises where the accident occurred. McKinley's suit against his employer was later dismissed. After McKinley provided notice to the bureau and to the Ohio attorney general in

2004 that he was in settlement negotiations with Heritage, he and Heritage settled for an undisclosed amount.[1]

{¶ 6} On November 4, 2008, the bureau filed suit in Columbiana County Common Pleas Court against McKinley and Heritage, asserting that they were jointly and severally liable under R.C. 4123.93 and 4123.931 for failing to honor the bureau's subrogation lien in the settlement that had been reached. The bureau asserted that on the date of the complaint's filing, it had paid more than $460,000 in medical bills and compensation on McKinley's workers' compensation claim and that additional future payments were expected to be made.

{¶ 7} Heritage shortly thereafter moved the trial court under Civ.R. 12(B)(6) to dismiss the complaint for failure to state a claim, arguing that the bureau's subrogation claim was derivative of McKinley's right to recover against Heritage and that the two-year statute of limitations applicable to McKinley's personal-injury claim against Heritage also applied to the bureau's claim. Heritage additionally asserted that the bureau sought a "typical," or traditional, subrogation recovery.

{¶ 8} In its response to the motion to dismiss, the bureau argued that R.C. 4123.931 creates an independent right of recovery for a statutory subrogee, in that the bureau's subrogation claim arose from that statute, and that the six-year

---

1. After McKinley settled with Heritage, he sought a declaratory judgment in Washington County Common Pleas Court that R.C. 4123.93 and 4123.931 are unconstitutional, in an effort to prevent the bureau from proceeding under those statutes to recover a share of the settlement. In the event that the statutes were upheld as constitutional, McKinley asked the court to declare the amount of the bureau's recovery under R.C. 4123.931. The trial court held the statutes unconstitutional, but the Fourth District Court of Appeals reversed and upheld the facial constitutionality of R.C. 4123.93 and 4123.931. See *McKinley v. Ohio Bur. of Workers' Comp.*, 170 Ohio App.3d 161, 2006-Ohio-5271, 866 N.E.2d 527, ¶ 1-4. McKinley appealed that decision to this court, and we accepted his discretionary appeal and stayed the briefing schedule. 112 Ohio St.3d 1489, 2007-Ohio-724, 862 N.E.2d 116. In *McKinley v. Ohio Bur. of Workers' Comp.,* 117 Ohio St.3d 538, 2008-Ohio-1736, 885 N.E.2d 242, this court summarily affirmed the judgment of the court of appeals on authority of *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377. Upon remand to the trial court in the wake of that affirmance, McKinley apparently voluntarily dismissed his complaint under Civ.R. 41(A).

statute of limitations of R.C. 2305.07 for an action on "a liability created by statute" is the one that applies to claims brought pursuant to R.C. 4123.931(G).

{¶ 9} The trial court granted Heritage's motion to dismiss. It reasoned that the bureau's claim was derivative of McKinley's claim against Heritage and that the same two-year statute of limitations that applied to McKinley's claim against Heritage also applied to the bureau's claim, thus rendering the bureau's claim untimely. The trial court also dismissed as untimely the bureau's claim against McKinley.

{¶ 10} Upon the bureau's appeal, the Seventh District Court of Appeals reversed the trial court's order of dismissal and remanded for further proceedings. *Ohio Bur. of Workers' Comp. v. McKinley*, 7th. Dist. No. 09CO3, 2010-Ohio-1006, ¶ 63. The appellate court rejected Heritage's arguments that R.C. 4123.931 is a typical derivative subrogation statute, and instead held that R.C. 4123.931 "creates an independent right of recovery for the statutory subrogee" so that R.C. 2305.07's six-year statute of limitations applies. Id. at ¶ 55. Accordingly, the appellate court held that the bureau's complaint was timely because it was filed within six years of McKinley's injury. Id.

{¶ 11} We accepted Heritage's appeal under our discretionary jurisdiction for review of a single proposition of law presented: "Ohio Revised Code Section 4123.931 is a typical subrogation statute and does not provide the Ohio Bureau of Workers' Compensation an independent right of recovery and therefore, claims brought under R.C. 4123.931 are subject to the same statute of limitations that governs the claimant's underlying cause of action." See 126 Ohio St.3d 1512, 2010-Ohio-3331, 930 N.E.2d 331.

## II. Analysis

{¶ 12} In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the

claim that would entitle the plaintiff to the relief sought. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 327 N.E.2d 753; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14. The allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor. Id. Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 13} A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11.

{¶ 14} As we observed in *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 48, R.C. 4123.931 sets forth the statutory subrogee's right of subrogation and details how that right is implemented, while R.C. 4123.93 is a definitional section that explains the meaning of terms appearing in R.C. 4123.931. Neither of those statutes specifically supplies a limitations period applicable to a subrogation claim brought by a statutory subrogee pursuant to R.C. 4123.931. In *Groch*, at paragraph one of the syllabus, we upheld the facial constitutionality of the workers' compensation subrogation statutes, but no statute-of-limitations issue was presented in that case.

{¶ 15} The key issue of law in this case, as framed by Heritage's arguments based on case law interpreting subrogation statutes in contexts different from that we explore here, is whether R.C. 4123.931(G) creates an independent right of recovery for a statutory subrogee. If it does, then the recovery by the statutory subrogee is not a "typical" derivative subrogation recovery, and the six-year statute of limitations for an action "upon a liability

created by statute" of R.C. 2305.07 applies to a workers' compensation subrogation claim. See *McAuliffe v. W. States Import Co., Inc.* (1995), 72 Ohio St.3d 534, 538, 651 N.E.2d 957 (R.C. 2305.07's six-year limitations period applies when no statute of limitations is legislatively specified and an action would not exist "but for" the statute creating it). If a six-year statute of limitations applies, the trial court erred in dismissing the bureau's complaint.

{¶ 16} Alternatively, if R.C. 4123.931(G) is a typical subrogation statute that allows a subrogation recovery that is derivative of a claimant's ability to recover from a third party, then the same two-year personal-injury statute of limitations of R.C. 2305.10 that applies to a claimant's personal-injury action also applies to a statutory subrogee's claim under R.C. 4123.931(G). See *Chemtrol Adhesives Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 42, 537 N.E.2d 624 (in insurance subrogation, a subrogee cannot have greater rights than those possessed by its insured). If a two-year statute of limitations applies, the trial court did not err in dismissing the complaint.

{¶ 17} An important point of dispute is R.C. 4123.931(A), which provides, "The payment of compensation or benefits pursuant to this chapter * * * creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party. The net amount recovered is subject to a statutory subrogee's right of recovery." ("Net amount recovered" is defined in R.C. 4123.93(E).)

{¶ 18} In defending the trial court's determination that R.C. 4123.931 involves a derivative recovery, Heritage primarily relies on two Ohio appellate court decisions in which courts reviewed subrogation statutes other than the one implicated here and determined that those statutes did not create a right of recovery in favor of the state. Heritage asserts that the analysis of those decisions is directly on point and requires that the same conclusion must be reached for R.C. 4123.931, the statute involved in this case.

**{¶ 19}** In *Ohio Dept. of Human Servs. v. Kozar* (1995), 99 Ohio App.3d 713, 717, 651 N.E.2d 1039, the Eighth Appellate District held that former R.C. 5101.58, a statute governing the Ohio Department of Human Services' subrogated recovery against a third party for Medicaid benefits paid, used the term "subrogation" in its conventional sense and did not give an independent right of recovery. The court accordingly held that the state's right of subrogation derived from the rights of the injured party and was not greater than those rights. Because the injured party had not recovered from the alleged tortfeasor and could not recover because the statute of limitations had expired, the court determined that the state could not recover either. Id. at 716.

**{¶ 20}** In *Montgomery v. John Doe 26* (2000), 141 Ohio App.3d 242, 250, 750 N.E.2d 1149, the Tenth Appellate District held that a former version of R.C. 2743.72(A), which provided for the state's subrogation recovery against third parties for reparation payments made from the Crime Victims Fund pursuant to R.C. 2743.56, used the term "subrogation" in its conventional sense and did not create a right of recovery for the state. The court held that the same statute of limitations applicable to the claimants' ability to seek recovery from the third parties also applied to the state's subrogation recovery. Id. at 251.

**{¶ 21}** However, a consideration of R.C. 4123.931 reveals that the subrogation right involved in this case is fundamentally different from the subrogation rights in the statutes at issue in the foregoing cases. In particular, R.C. 4123.931(A) specifically states that the payment of workers' compensation benefits in and of itself "*creates a right of recovery* in favor of a statutory subrogee against a third party." (Emphasis added.) Other sections of R.C. 4123.931 similarly delineate the special nature of the subrogation recovery involved here. That the statutes considered in *Kozar* and *Montgomery v. John Doe 26* did not involve subrogation in the workers' compensation context renders

those decisions distinguishable. The statutory provisions involved in the case before us are manifestly not typical subrogation statutes.

{¶ 22} The third phrase of the text of R.C. 4123.931(A), "the statutory subrogee is subrogated to the rights of a claimant against that third party," makes explicit that the scope of the automatic and independent right of recovery in favor of the statutory subrogee fully encompasses all "rights of a claimant against that third party." It is an affirmative grant of a right and not a limitation. As a whole, then, R.C. 4123.931(A) creates a right of recovery atypical of traditional subrogation statutes. See Ohio Legislative Service Commission Final Bill Analysis of 2002 Sub.S.B. No. 227, 149 Ohio Laws, Part II, 3716 (the bill that enacted current R.C. 4123.93 and 4123.931), explaining that the act "states more specifically than the previous statute that payment of compensation or benefits creates *a right of recovery*, as opposed to the prior law's 'right of subrogation,' of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party." (Emphasis added.) Thus, the trial court erred in relying too heavily on the third phrase of the statutory text and in failing to accord sufficient meaning to the preceding text whereby the fact of payment of workers' compensation benefits "creates a right of recovery in favor of" the statutory subrogee against a liable third party.

{¶ 23} We conclude that R.C. 4123.931(A) must be interpreted to provide that the right of the statutory subrogee to recover its subrogation interest is an independent right, but that the right is subrogated in the sense that the statutory subrogee can recover from the claimant and/or the third party only if the third party is liable to the claimant in tort. In this regard, we agree with the court of appeals' interpretation of this provision. See 2010-Ohio-1006, at ¶ 41.

{¶ 24} The Second Appellate District, in *Corn v. Whitmere*, 183 Ohio App.3d 204, 2009-Ohio-2737, 916 N.E.2d 838, ¶ 30, accurately observed that subrogation in the workers' compensation context cannot be analogized to

subrogation arising from contract or equitable principles and concluded that workers' compensation subrogation is not the same as typical subrogation, which often arises in the insurance context.

{¶ 25} Subrogation generally is "[t]he substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." Black's Law Dictionary (9th Ed.2009) 1563-1564. Insurance is the context in which subrogation most commonly arises. In that context, subrogation is "[t]he principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy." Id. at 1564. In the insurance context, "[a] subrogated insurer stands in the shoes of the insured-subrugor and has no greater rights than those of its insured-subrogor. * * * Further, where the insured's claim against a tortfeasor is based on negligence, the insurer's subrogated claim is also necessarily based on negligence, rather than on the insurance contract. * * * Consequently, where an insured's tort claim is subject to a statute of limitations, so too is the insurer's subrogation claim." *Nationwide Mut. Ins. Co. v. Zimmerman*, 5th Dist. No. 2004 CA 00007, 2004-Ohio-7115, ¶ 16; see *Corn*, 183 Ohio App.3d 204, 2009-Ohio-2737, 916 N.E.2d 838, at ¶ 35 ("in the insurance context, subrogation is derivative in nature, and no new cause of action is created").

{¶ 26} However, workers' compensation subrogation under R.C. 4123.931 is different. In this singular context, a claimant's ability to receive workers' compensation benefits is not based on any concept of fault, and a claimant's recovery of those benefits is governed by the provisions of the Workers' Compensation Act. See, e.g., *Holeton v. Crouse Cartage Co.* (2001), 92 Ohio St.3d 115, 119, 748 N.E.2d 1111 (workers' compensation laws are a unique social bargain in which employees give up their common-law remedy in exchange for

greater assurance that they will receive reasonable compensation for a work-related injury, and employers in turn give up common-law defenses but are protected from unlimited liability); *Blankenship v. Cincinnati Milacron Chems., Inc.* (1982), 69 Ohio St.2d 608, 614, 23 O.O.3d 504, 433 N.E.2d 572.  While in typical insurance subrogation an insurer's subrogated claim is based on the negligence of the tortfeasor and is derivative of the insured's rights, a statutory subrogee's R.C. 4123.931 subrogation interest arises from the Workers' Compensation Act itself.

**{¶ 27}** The subrogation statutes are designed to permit the statutory subrogee, who paid the workers' compensation benefits to the claimant in the first instance, to be at least partially reimbursed out of any recovery that the claimant may obtain from the third party responsible for causing the injury.  See *Corn* at ¶ 41.  "Far from a modification of a common-law cause of action, [the statutory subrogee's] right to reimbursement * * * is nonexistent but for the statute."  Id.  Because workers' compensation subrogation cannot be analogized to typical insurance subrogation, the court in *Corn* recognized that R.C. 4123.931 "provides for an independent subrogation claim that is in fact a new cause of action."  Id. at ¶ 35.  We agree.

**{¶ 28}** Other aspects of the statutory subrogation recovery considered here support the conclusion that R.C. 4123.931 is not a typical subrogation statute.  The special term "statutory subrogee" used throughout R.C. 4123.93 and 4123.931 reinforces that the claim for subrogation arises from the statutes providing for the recovery.  The consistent usage of the word "statutory" to modify "subrogee" indicates that the statutory subrogee is not a subrogee in the common usage of that word.

**{¶ 29}** Black's Law Dictionary (9th Ed.2009) 1564 defines a subrogee as "[o]ne who is substituted for another in having a right, duty, or claim; esp., the person or entity that assumes the right to attempt to collect on another's claim

against a third party by paying the other's claim-related debts or expenses." But a concurrent right of recovery against a claimant, as the bureau has here under R.C. 4123.931(G), which makes the claimant and the third party "jointly and severally liable to pay the statutory subrogee" for the full subrogation amount, is inconsistent with the usual process by which a typical subrogee seeks recovery against a third-party tortfeasor by pursuing a derivative claim. See also R.C. 4123.931(H), stating that "the right of subrogation * * * is automatic," which is also not a feature of a typical attempted subrogation recovery.

{¶ 30} In light of the above considerations, a statutory subrogee that pursues recovery of its subrogation interest under R.C. 4123.931(G) clearly does much more than merely substitute for and "stand in the shoes of" a claimant. These subrogation statutes set forth an overall scenario in which the claimant, the third party, and the statutory subrogee are three independent actors playing discrete and delineated roles. The statutory subrogee pursues an independent recovery in its own right under R.C. 4123.931(G) as a separate and distinct actor.

{¶ 31} In *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441, ¶ 5, the bureau acknowledged that when this court in *Holeton*, 92 Ohio St.3d at 135, 748 N.E.2d 1111, held the former subrogation statute unconstitutional, the bureau "could no longer assert subrogation rights." Consistent with that concession, this court in *Santos* stated that after the decision in *Holeton*, "any collection or retention of moneys collected under the statute by the [bureau] was wrongful." Id. at ¶ 17. This court therefore recognized that in the absence of a constitutional workers' compensation subrogation statute, a statutory subrogee has no basis to pursue any portion of a claimant's personal-injury award from a third party as reimbursement for workers' compensation benefits paid to the claimant. See also *Modzelewski v. Yellow Freight Sys., Inc.*, 151 Ohio App.3d 666, 2003-Ohio-827, 785 N.E.2d 501, ¶ 27 (self-insured statutory subrogee had no subrogation right under predecessor

statute to the statute held unconstitutional in *Holeton*, in that the predecessor statute was also unconstitutional), judgment of unconstitutionality affirmed by *Modzelewski v. Yellow Freight Sys., Inc.*, 102 Ohio St.3d 192, 2004-Ohio-2365, 808 N.E.2d 381.

{¶ **32**} Workers' compensation subrogation recovery would not exist "but for" R.C. 4123.93 and 4123.931. See *McAuliffe*, 72 Ohio St.3d at 538, 651 N.E.2d 957. Because R.C. 4123.931 creates an independent right of recovery that would not otherwise exist, we conclude that a statutory subrogee's claim under R.C. 4123.931(G) to recover its subrogation interest is governed by the six-year statute of limitations of R.C. 2307.05 for a liability created by statute. See *Corn*, 183 Ohio App.3d 204, 2009-Ohio-2737, 916 N.E.2d 838, at ¶ 41.

{¶ **33**} Heritage lists a number of reasons why the bureau should not be able to recover its subrogation interest in this case, including reasons based on the bureau's notice of the settlement and on public policy. The bureau counters with its view of why recovery should be available here and justifies the manner in which it has pursued that recovery.

{¶ **34**} As to Heritage's arguments based on the bureau's notice of the settlement, we observe that R.C. 4123.931(G) explicitly makes the third party and the claimant jointly and severally liable to pay the subrogation interest if a claimant does not give notice of the claimant's actual or potential right of recovery "*or* if a settlement or compromise excludes any amount paid by the statutory subrogee." (Emphasis added.) Moreover, the trial court's dismissal of the complaint in the early stages of this case was based solely on its conclusion that a two-year statute of limitations applied and that it had expired. Therefore, the only issue presented to this court is which statute of limitations applies. Resolution of that issue is wholly a question of law. Any of the parties' arguments based on the specific details of the attempted recovery here or on

public policy (which is generally implemented by the legislature and not by the courts) are outside the scope of this appeal.

{¶ 35} The bureau asserts that no statute of limitations should be applicable to its attempts to collect on its excluded statutory subrogation interest, under *Ohio Dept. of Transp. v. Sullivan* (1988), 38 Ohio St.3d 137, 527 N.E.2d 798, in which this court held at the syllabus that "[t]he state, absent express statutory provision to the contrary, is exempt from the operation of a generally worded statute of limitations." We decline to consider applying *Sullivan* for two independent reasons.

{¶ 36} First, the bureau did not raise this argument in the trial court. Rather, it specifically urged the trial court to find the six-year statute of limitations of R.C. 2305.07 applicable to its statutory subrogation claim. The bureau therefore did not ask the trial court to distinguish it from a nongovernmental statutory subrogee and to afford it special treatment as an arm of the state. See, e.g., R.C. 4123.93(B) and 4123.93(D), establishing that other parties besides the bureau can be statutory subrogees for purposes of these statutes. To the extent that the bureau now argues that no statute of limitations should apply, it has waived or forfeited that argument in this case by failing to assert it in the trial court. Moreover, because we hold that a six-year statute of limitations applies to a statutory subrogee's claim to recover its subrogation interest under R.C. 4123.931(G), the bureau's claim in this case is timely regardless of whether the statute of limitations applies to it or not. Accordingly, there is also no need to address this question in this case.[2]

{¶ 37} Finally, the bureau asserts that the limitations period for recovery of its subrogation interest under R.C. 4123.931(G) should not begin to run (i.e.,

---

2. We acknowledge that the bureau did raise an argument based on *Sullivan* in the court of appeals. The appellate court did not address the argument in its opinion, likely for reasons similar to those supporting our decision not to consider applying *Sullivan*.

that the statutory subrogee's claim does not accrue) until the statutory subrogee has actual knowledge that a settlement between a claimant and a third-party tortfeasor has occurred that excluded the subrogation interest. Because the claim in this case would have been timely filed under the six-year statute of limitations even if the claim accrued at some point later than the date of the injury, we need not address this issue here.

## III. Conclusion

{¶ 38} For all the foregoing reasons, we hold that a claim brought by a statutory subrogee pursuant to R.C. 4123.931(G) to recover its subrogation interest is a claim "upon a liability created by statute" and is therefore subject to the six-year statute of limitations of R.C. 2305.07.

{¶ 39} Because the bureau's complaint in this case was timely filed, the trial court erred in dismissing the complaint. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and MOORE, O'DONNELL, LANZINGER, and MCGEE BROWN, JJ., concur.

PFEIFER, J., concurs in judgment.

CARLA D. MOORE, J., of the Ninth Appellate District, sitting for LUNDBERG STRATTON, J.

_____

**PFEIFER, J., concurring.**

{¶ 40} R.C. 4123.931 grants the Bureau of Worker's Compensation ("BWC") and self-insured employers several ways to recoup workers' compensation benefits paid out to an injured employee. I write separately to note that not all causes of action arising from R.C. 4123.931 have a six-year statute of limitations. I concur because the BWC theoretically has a cause of action against

defendant-appellant, Heritage WTI, Inc. ("Heritage"), under R.C. 4123.931(G), which does have a six-year statute of limitations.

{¶ 41} R.C. 4123.931(A) establishes that the payment of workers' compensation benefits "creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party. The net amount recovered is subject to a statutory subrogee's right of recovery."

{¶ 42} Thus, pursuant to R.C. 4123.931(A), any payments made by the third party to the claimant are subject to being dispersed to the statutory subrogee. This is a standard subrogation arrangement, and the rights of the statutory subrogee are limited to the rights of the claimant. Since the claimant has no rights against a third party once the statute of limitations has passed, neither does the statutory subrogee. Thus, the statutory subrogee is limited to the two-year statute of limitations for personal injury.

{¶ 43} A statutory subrogee has another method to recover benefits. Pursuant to R.C. 4123.931(H), the statutory subrogee may itself bring an action against the third-party tortfeasor:

{¶ 44} "A statutory subrogee may institute and pursue legal proceedings against a third party either by itself or in conjunction with a claimant. If a statutory subrogee institutes legal proceedings against a third party, the statutory subrogee shall provide notice of that fact to the claimant. If the statutory subrogee joins the claimant as a necessary party, or if the claimant elects to participate in the proceedings as a party, the claimant may present the claimant's case first if the matter proceeds to trial. If a claimant disputes the validity or amount of an asserted subrogation interest, the claimant shall join the statutory subrogee as a necessary party to the action against the third party."

{¶ 45} Again in R.C. 4123.931(H), the statutory subrogee's cause of action is derivative, arising directly from the injury to the claimant. Thus, the

rights of the statutory subrogee are limited to those of the claimant, including being subject to a two-year statute of limitations on a personal-injury action.

{¶ 46} The BWC's claim here is brought pursuant to R.C. 4123.931(G), which provides something completely different to the statutory subrogee; it is a cause of action belonging exclusively to the statutory subrogee. R.C. 4123.931(G) makes the statutory subrogee a mandatory player in settlement discussions between the claimant and the third party. It provides that if the statutory subrogee is not given notice of settlement negotiations—which has not been alleged in this case—or "if a settlement or compromise excludes any amount paid by the statutory subrogee," then "the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest." Thus, if the amount set forth in the settlement agreement between the claimant and the third party does not address the payments made by the statutory subrogee, the claimant and third party are liable to repay the statutory subrogee in full. This is significant, because in the normal course under R.C. 4123.931(B), the statutory subrogee receives from the settlement proceeds only a certain ratio of what it had paid out.

{¶ 47} A claim brought under R.C. 4123.931(G) is not a subrogation claim. It is a unique claim created by statute that punishes claimants and third parties for failing to include statutory subrogees in settlement negotiations. As "an action * * * upon a liability created by statute," an R.C. 4123.931(G) action has a six-year statute of limitations pursuant to R.C. 2305.07.

{¶ 48} This appeal concerns only Heritage. Any battles between McKinley and the BWC over the distribution of the settlement amount subject to the BWC's rights under R.C. 4123.931(B) do not concern Heritage. Any claim that the BWC might have brought under R.C. 4123.931(H) was subject to the two-year statute of limitations. A claim brought under R.C. 4123.931(G) against Heritage does have a six-year statute of limitations. Whether such a claim under

R.C. 4123.931(G) has any basis in fact is up to the trial court. The BWC has not alleged that it did not receive notice of settlement negotiations. The BWC's only hope for recovery from Heritage would be a provision in the settlement agreement that specifically excludes payments made by the BWC. The trial court should proceed on the BWC's case against Heritage on that limited basis.

_____

Michael DeWine, Attorney General, Alexandra T. Schimmer, Chief Deputy Solicitor General, Stephen P. Carney, Deputy Solicitor, and Mia M. Yaniko, Assistant Solicitor; and Lee M. Smith & Associates Co., L.P.A., Lee M. Smith, and Benjamin W. Crider, for appellee.

Reminger Co., L.P.A., Gregory D. Brunton, Melvin J. Davis, and Patrick Kasson, for appellant.

Law Office of Russell Gerney and Russell Gerney, urging reversal for amicus curiae, Ohio Association for Justice.

_____