[Cite as *Snider v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-3347.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Steven Lee Snider, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-1002 |
| v. | : | (Ct. of Cl. No. 2015-00371) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 9, 2016

**On brief:** *Steven Lee Snider*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Timothy M. Miller*, for appellee.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Steven Lee Snider, appeals a judgment of the Court of Claims of Ohio dismissing his action against defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm that judgment.

{¶ 2} On April 20, 2015, Snider filed a complaint against ODRC for breach of the alleged employment contract between him and Ohio Penal Industries ("OPI").[1] In his complaint, Snider stated that he was an inmate imprisoned at the Pickaway Correctional

---

[1] OPI is a division of ODRC.

Institution ("PCI") who was assigned to a work program operated by OPI. Pursuant to his assignment, Snider began working at PCI's meat processing plant.

{¶ 3} Sometime after Snider began working at the meat processing plant, another inmate physically attacked Snider. As a result of the attack, prison officials investigated whether Snider or his attacker had violated prison rules. During the investigation, Snider was placed in security control, which prevented him from attending his work assignment. Through a "kite," Snider informed his supervisor of the reason behind his absence and told the supervisor that he would return to work as soon as he was released from security control. The supervisor responded that he had removed Snider from the OPI work program. Snider then asked the supervisor to explain why he had removed Snider from the OPI work program. The supervisor replied:

> You received another Conduct Report (Guilty) and missed 28 days of work. Your Institutional Record since the beginning of the year shows (5) Conduct Reports. To work here at the Meat Plant[,] I expect better conduct.
>
> I need inmates that can be here everyday [sic]. Work on your Institutional Record. The screening criteria we use will not allow you to have a conduct report for 6 mos. if we hire you. That same criteria is used to dismiss an Inmate.

(Ex. I, attached to Pl.'s Compl.)

{¶ 4} In his complaint, Snider alleged that his supervisor premised his removal on wrong information. The Rules Infraction Board ("RIB") did not find Snider guilty for the August attack, which was the impetus for the conduct report the supervisor referred to. Rather, the RIB found Snider *not* guilty. Snider also asserted that his removal violated OPI policy, which provided that only a job-related rules infraction would result in removal from a work assignment. Snider stated that he did not commit any job-related rules infraction. For these two reasons, Snider maintained that his removal from his OPI work assignment breached an employment contract that he alleged existed between him and OPI.

{¶ 5} ODRC moved to dismiss Snider's complaint under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction and Civ.R. 12(B)(6) for failure to state a claim upon which the court could grant relief. The trial court granted that motion. In a judgment issued October 9, 2015, the trial court held that Snider could not state a claim for breach of

contract because no employment contract between Snider and OPI existed. The trial court also held that inmates cannot recover against ODRC for violations of administrative policy, such as the policy against removal from an OPI work assignment for a non-job-related rules infractions. Finally, the trial court concluded that it did not have jurisdiction over any constitutional claims that the complaint may assert.

{¶ 6} Snider now appeals from the October 9, 2015 judgment, and he assigns the following errors:

> First Assignment of Error:
>
> THE CLAIMS COURT ERRED WHEN IT DEEMED THE CONTRACT ENTERED INTO BETWEEN THE PARTIES FOR THE AGREED TERMS OF EMPLOYMENT WITH THE OHIO PENAL INDUSTRIES WAS "NOT" AN "EMPLOYMENT CONTRACT" SUBJECT TO STANDARD CONTRACT ANALYSIS.
>
> Assignment of Error Number Two:
>
> THE CLAIMS COURT ERRED WHEN DEEMING THAT APPELLANT HAD SIGNED A CONTRACT THAT HE SHOULD HAVE KNOWN WAS "NOT" A CONTRACT AND THAT APPELLANT HAD NO RIGHT OF ENFORCEMENT OF THE TERMS OF THAT CONTRACT UNDER LAW.
>
> Assignment of Error Number Three:
>
> THE CLAIMS COURT ERRED WHEN RULING THAT APPELLANT'S BREACH OF CONTRACT CLAIM WITH A STATE ENTITY AND AGENCY WAS NOT A STATE LAW CLAIM UPON WHICH SUBJECT-MATTER JURISDICTION OF THE OHIO COURT OF CLAIMS COULD BE INVOKED.

{¶ 7} Snider's first two assignments of error are interrelated, so we will consider them together. By these two assignments of error, Snider argues that the trial court erred in concluding that he failed to state a claim for breach of contract. We disagree.

{¶ 8} A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *LeRoy v. Allen,*

*Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.  " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991).  Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo.  *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶ 9}   Here, Snider asserted in his complaint that a contract existed between him and OPI that governed the terms of his employment at the meat processing plant. However, Snider misunderstands the nature of his relationship with OPI.   The work programs operated by OPI "are intended to provide training and rehabilitation to inmates."  Ohio Adm.Code 5120-3-05(A).  Consequently, OPI work programs "shall not be considered 'employment' and the inmates shall not be considered 'employees' for any purpose."  *Id.*

{¶ 10}  The document that Snider points to as the contract between him and OPI is merely a letter from OPI informing Snider of his work assignment.  That letter does not create an employment contract between OPI and Snider.  Without a contract, Snider cannot state a claim for breach of contract.  *See Ireton v. JTD Realty Invests., LLC*, 12th Dist. No. CA2010-04-023, 2011-Ohio-670, ¶ 38 ("The existence of an enforceable contract is a prerequisite to a claim for breach of contract.").   Accordingly, we conclude that the trial court did not err in dismissing Snider's breach of contract claim, and we overrule Snider's first two assignments of error.

{¶ 11}  By Snider's third assignment of error, he argues that the trial court erred in finding that it lacked subject-matter jurisdiction over his claim for breach of contract. Snider miscomprehends the trial court's judgment.  The trial court cited lack of subject-matter jurisdiction as the basis for the dismissal of any potential constitutional claims asserted in the complaint.  The dismissal of the purported breach of contract claim occurred because Snider could not state such a claim.  Accordingly, we overrule Snider's third assignment of error.

{¶ 12} For the foregoing reasons, we overrule each of Snider's three assignments of error, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

―――――――――――