[Cite as *Ohio Bur. of Workers' Comp. v. Verlinger*, 2016-Ohio-8029.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO, BUREAU OF
WORKERS' COMPENSATION

      Appellant

      v.

LORETTA M. VERLINGER, et al.

      Appellees

C.A. No.     27763

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2013 08 3707

DECISION AND JOURNAL ENTRY

Dated: December 7, 2016

PER CURIAM

**{¶1}** Appellant, the State of Ohio, Bureau of Workers' Compensation ("BWC"), appeals from the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** On August 1, 2011, Loretta Verlinger was injured in a motorcycle accident. Ms. Verlinger applied for benefits with the BWC. Her application was disallowed on September 6, 2011. She appealed to the Industrial Commission.

**{¶3}** While the matter was pending with the Industrial Commission, Ms. Verlinger settled claims with the other driver's insurance company, Metropolitan Group Property and Casualty Insurance Company ("Metropolitan"), and her own insurance company, Foremost Property and Casualty Insurance Company ("Foremost"), (jointly "Insurers"). She signed both settlements on December 15, 2011. Ms. Verlinger did not notify the BWC of the settlements.

{¶4}    Following a hearing on December 23, 2011, an Industrial Commission district hearing officer allowed Ms. Verlinger's claim.    Thereafter, she received medical and wage benefits from the BWC.

{¶5}    In July 2013, the BWC filed a complaint in the Summit County Court of Common Pleas seeking the amount it had paid and would pay in the future on Ms. Verlinger's claim.  The BWC alleged that Ms. Verlinger had settled her claims with the Insurers in violation of R.C. 4123.931(G)[1].  The statute provides:

> A claimant shall notify a statutory subrogee and the attorney general of the identity of all third parties against whom the claimant has or may have a right of recovery, except that when the statutory subrogee is a self-insuring employer, the claimant need not notify the attorney general. No settlement, compromise, judgment, award, or other recovery in any action or claim by a claimant shall be final unless the claimant provides the statutory subrogee and, when required, the attorney general, with prior notice and a reasonable opportunity to assert its subrogation rights. If a statutory subrogee and, when required, the attorney general are not given that notice, or if a settlement or compromise excludes any amount paid by the statutory subrogee, the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest.

R.C. 4123.931(G).  A "[c]laimant" is "a person who is eligible to receive compensation, medical benefits, or death benefits under [relevant Chapters] of the Revised Code."  R.C. 4123.93(A).

{¶6}    The BWC and Ms. Verlinger filed cross-motions for summary judgment[2].  The BWC argued that Ms. Verlinger was a "claimant" who had failed to comply with R.C.

---

[1] The BWC also brought a claim against the driver of the other vehicle under R.C. 4123.931(H). Metropolitan filed a cross-claim for indemnity against Verlinger.  Those claims are not at issue in this appeal.

[2] The BWC's initial complaint named Verlinger and Metropolitan.  Metropolitan opposed the BWC's motion, but did not file a motion for summary judgment itself.  Following Verlinger's motion for summary judgment, the BWC filed an amended complaint adding Foremost and moved for summary judgment against Foremost.  Foremost opposed the BWC's motion and moved for summary judgment "incorporat[ing]" Verlinger's arguments.

4123.931(G). Ms. Verlinger argued that she was not a "claimant" at the time that she settled with the Insurers because the BWC had denied her claim. Ms. Verlinger also argued that the BWC could not avail itself of the protections of R.C. 4123.931 because, at the time of her settlements, it had not yet paid any compensation or benefits on her claim.

{¶7} The trial court reviewed two cases with similar facts that reached opposite results, namely *Ohio Bur. of Workers' Comp. v. Kidd*, Franklin C.P. No. 07CVH08-10619 (Oct. 1, 2008) and *Ohio Bur. of Workers' Comp. v. Dernier*, 6th Dist. Lucas No. L-10-1126, 2011-Ohio-150. Both Dernier and Kidd were injured in traffic accidents and had their initial applications for workers' compensation benefits denied. Before being granted benefits on appeal, Dernier and Kidd settled with insurance companies. As in the instant case, the BWC filed suit for amounts that it paid on the claims. The *Kidd* court concluded that the employee was a claimant because she was seeking benefits. The *Dernier* court, on the other hand, concluded that the employee was not a claimant because her claim was denied at the time of the settlements.

{¶8} The trial court ultimately granted Ms. Verlinger's motion for summary judgment. Relying on *Dernier*, the trial court found that, "[a]t the time [Ms. Verlinger] settled with the Insurer[s], her application had been rejected by the BWC and she was not qualified to receive benefits." Therefore, the trial court concluded that she was not a "claimant" under the statute.

{¶9} The BWC appeals raising one assignment of error.

II.

Assignment of Error

THE TRIAL COURT ERRED BY RULING THAT LORETTA VERLINGER WAS NOT A "CLAIMANT," AS THAT TERM IS DEFINED IN R.C. § 4123.01 *ET SEQ*., WHEN SHE SETTLED HER THIRD-PARTY CLAIMS, THEREBY DEPRIVING APPELLANT OF ITS SUBROGATION INTEREST IN THOSE SETTLEMENTS.

{¶10} The BWC's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
CONCURRING IN JUDGMENT.

{¶11} In her motion for summary judgment, Ms. Verlinger argued, in part, that she was not a "claimant[,]" as that term is defined in R.C. 4123.93(A) and used in R.C. 4123.931(G), at

the time of the settlements. Similarly, in *Ohio Bur. of Workers' Comp. v. Dernier*, 6th Dist. Lucas No. L-10-1126, 2011-Ohio-150, an injured worker maintained that, at the time that the injured worker settled with the third party insurer, the injured worker's claim for worker's compensation had been rejected. *Id.* at ¶ 24. There, the injured worker argued, "and the trial court concluded, that [the injured worker] was not a statutorily defined 'claimant' when the third party settlement was reached." *Id.* at ¶ 20. As set forth in the lead opinion, R.C. 4123.93(A) defines a "[c]laimant" as one "who is eligible to receive compensation, medical benefits, or death benefits under [relevant Chapters] of the Revised Code." The Sixth District noted that "eligible" means "qualified to be chosen," and found dispositive the temporal requirement of the definition of "claimant" due to the definition's use of the word "is[.]" *Dernier* at ¶ 28-29. The Sixth District determined "[t]he plain language of the statute defines a 'claimant' for purposes of the subrogation statutes as one presently eligible to receive benefits." *Id.* at ¶ 31. Applying this definition to the case before it, the Sixth District determined that the injured worker was not eligible to receive benefits after the BWC rejected her claim and prior to the decision of the BWC being overruled. *Id.* at ¶ 5, 25-32. I am persuaded by the Sixth District's rationale, which I believe squarely applies to the issues as framed and argued by the BWC in the instant appeal. Accordingly, I would affirm the decision of the trial court on this basis.

HENSAL, P. J.
CONCURRING IN JUDGMENT.

{¶12} While I agree that the trial court's judgment must be affirmed, I write separately to address why I believe Ms. Verlinger's status as a "claimant" is not dispositive. The dissent would hold that because Ms. Verlinger was a "claimant" at the time she settled with the Insurers, she was required to provide notice to the BWC under R.C. 4123.931(G). Addressing the fact

that the BWC had not paid any benefits or compensation on Ms. Verlinger's behalf at the time of the settlement, the dissent would hold that such a payment is not a prerequisite to the notice requirement under R.C. 4123.931(G). I, however, would hold that the BWC had no right to subrogation at the time Ms. Verlinger settled with the Insurers and, therefore, was not entitled to notice under R.C. 4123.931(G).

{¶13} Because this is an appeal of the trial court's grant of summary judgment, I will begin my analysis by discussing the arguments presented to the trial court. The BWC moved for summary judgment on its first cause of action only (i.e., that Ms. Verlinger and the Insurers were jointly and severally liable under R.C. 4123.931(G)), arguing that Ms. Verlinger was a "claimant," and that it was entitled to subrogation because it paid her benefits (albeit after the settlement).

{¶14} Ms. Verlinger, on the other hand, moved for summary judgment on both of the BWC's claims, arguing that the right to subrogation is dependent upon two factors: (1) that the BWC pay compensation or benefits; and (2) that the individual be a "claimant." She argued that she was not a "claimant" because the BWC had denied her claim at the time she settled with the Insurers, and further that the BWC did not have a statutory right to subrogation because it had not paid any compensation or benefits at that time. She, therefore, asked the trial court to rule that the BWC was not entitled to reimbursement for any monies it paid on her behalf. Ms. Verlinger's insurer simply adopted her motion and did not set forth any additional arguments on its own behalf. The tortfeasor's insurer did not move for summary judgment.

{¶15} In response to Ms. Verlinger's motion, the BWC argued that its right to subrogation vested when it paid her benefits, regardless of when those payments took place, because the statute does not require the payments to take place *prior* to a claimant's settlement

with a third-party. The trial court's order, however, did not address this issue. Instead, it focused solely on Ms. Verlinger's status as a "claimant." Because Ms. Verlinger's claim had been denied, the trial court held that she was not qualified to receive benefits at the time she settled and, therefore, was not a "claimant" for purposes of the statute. On appeal, the parties assert substantially the same arguments that were presented below.

{¶16} The Franklin County Court of Common Pleas' decision in *Ohio Bur. of Workers' Comp. v. Kidd*, and the Sixth District Court of Appeals' decision in *Ohio Bur. of Workers' Comp. v. Dernier* are directly on point, but reach opposite conclusions. The trial court in *Kidd* held that the injured worker was a "claimant" because she was navigating through the BWC system. Franklin C.P. No. 07CVH08-10619 (Oct. 1, 2008). Further, despite the fact that the BWC had yet to pay her benefits, the court held that the injured worker was required to provide the BWC with notice under R.C. 4123.931(G).

{¶17} The *Dernier* court, on the other hand, held the opposite. In doing so, it cited R.C. 4123.931(A), which provides: "*The payment of compensation or benefits * * * creates a right of recovery in favor of a statutory subrogee against a third party*, and the statutory subrogee is subrogated to the rights of a claimant against that third party. The net amount recovered is subject to a statutory subrogee's right of recovery." (Emphasis added.). The court went on to state:

> The meaning of this provision is clear, once workers' compensation payments to a claimant begin, the administrator of the Bureau of Workers' Compensation or the self insured employer is vested with the same right to pursue and recover on any claim that the claimant has against a third party. On the facts of this case, this provision is unavailing to [the BWC] with respect to [the insurer]. *Once payments on this claim began, any liability from [the insurer] to [the injured worker] had long since been extinguished by the settlement. Consequently, [the BWC] cannot claim a subrogation right against [the insurer] premised on this provision.*

(Emphasis added.) *Ohio Bur. of Workers' Comp. v. Dernier*, 6th Dist. Lucas No. L-10-1126, 2011-Ohio-150, ¶ 36. In conclusion, the *Dernier* court held that "[a]t the very least, this absolves [the insurer] from statutory joint and several liability[,]" and "[w]hile [the BWC] may have recourse to other theories of recovery for [the injured worker], [the injured worker] is not liable under the statutory subrogation provisions." *Id.* at ¶ 38-39.

{¶18} The plain language of the statute supports the conclusion that payment of compensation or benefits is a prerequisite to the notice requirement under R.C. 4123.931(G). As previously noted, the first sentence of R.C. 4123.931 provides that "*[t]he payment of compensation or benefits * * * creates a right of recovery* in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party." (Emphasis added.) R.C. 4123.931(A). While the BWC argues that any payment, regardless of when it is made, creates a right of subrogation in favor of the BWC, its merit brief cites no supporting case law. In fact, case law supports the opposite conclusion. For example, federal case law applying Ohio law suggests that in order to have a right to subrogation, the BWC must be making (or have made) payments on the injured worker's behalf. *See, e.g.*, *McClain v. HON Co.*, S.D.Ohio No. CIV.A.2:06-CV-311, 2007 WL 915198, *3 (Mar. 26, 2007) ("To the extent that the OBWC has paid the medical bills associated with plaintiff's injury and plaintiff recovers damages from the tortfeasor for those medical bills, OBWC has a subrogation interest in that recovery."); *Johnson v. Ohio Bur. of Workers' Comp.*, N.D.Ohio No. 1:13CV1199, 2014 WL 296875, *4 (Jan. 27, 2014) ("Ohio law provides that when a claimant who has received benefits from the BWC recovers from a tortfeasor, BWC may assert its right to its share of the recovered amount."). *See also* Baldwin's Ohio Handbook Series, Personal Injury Practice, Section 1:34 (2015 Ed.) ("If a client is receiving compensation or benefits from the

9

Bureau, they are required to notify the Bureau and the Attorney General (unless the client is receiving benefits from a self-insured company) and to provide the identity of any third parties the client is seeking recovery. * * * If your client has or is receiving benefits and attempts to circumvent the Bureau, and not provide notice and the opportunity to assert their interest, the third party and your client are jointly and severally liable to pay back the full amount of the Bureau's interest.").

{¶19} Additionally, R.C. 4123.931(G) provides that "[n]o settlement * * * shall be final unless the claimant provides the statutory subrogee * * * with prior notice and a reasonable opportunity to assert its subrogation rights." It further provides that "[i]f a statutory subrogee * * * [is] not given that notice, or if a settlement or compromise excludes any amount *paid by* the statutory subrogee, the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest." (Emphasis added.). "[P]aid by" clearly indicates past payments, not possible future payments, thereby supporting the conclusion that the BWC did not have a right to subrogation at the time Ms. Verlinger settled with the Insurers. Further, while this provision is written in the disjunctive (i.e., that liability attaches if the claimant fails to provide notice *or* the settlement excludes any amount paid by the statutory subrogee), the sentence immediately preceding this provision specifically states that notice is required in order to give the statutory subrogee "a reasonable opportunity to assert its subrogation rights." *Id.* R.C. 4123.931(G), therefore, presupposes a right to subrogation, which, in this case, the BWC did not have at the time Ms. Verlinger settled with the Insurers.

{¶20} In light of the foregoing, I would hold that the issue of whether Ms. Verlinger was a "claimant" at the time she settled with the Insurers is not dispositive. Rather, I would hold that the BWC did not have a right to subrogation at the time Ms. Verlinger settled with the Insurers

because the BWC had not paid any compensation or benefits on her behalf. Accordingly, I would hold that Ms. Verlinger had no obligation to provide notice to the BWC under R.C. 4123.931(G). While this conclusion seems to allow Ms. Verlinger to "double dip" and receive a double recovery, the court in *Dernier* aptly noted that the BWC could pursue other theories of recovery against the injured worker. *Dernier* at ¶ 39.

**{¶21}** Thus, while I do not agree with the trial court's reasoning, I would nonetheless affirm its decision to the extent that it holds that the BWC is not entitled to subrogation under the statute. *See State v. Rubes*, 11th Dist. No. 2012-P-0009, 2012-Ohio-4100, ¶ 33 (noting that "[r]eviewing courts affirm and reverse judgments, not reasons.") (Citation omitted.).

WHITMORE, J.
DISSENTING.

**{¶22}** I respectfully dissent. The trial court and one concurring judge from this Court rely on the Sixth District's decision in *Ohio Bur. of Workers' Comp. v. Dernier*, 6th Dist. Lucas No. L-10-1126, 2011-Ohio-150, and find that Ms. Verlinger was not a "claimant" at the time that she settled with the Insurers, and therefore, she was not subject to the notice requirements of R.C. 4123.931(G). The other concurring judge from this Court reasons that, until the BWC makes a payment, it has no subrogation rights and that, Ms. Verlinger's notice requirements likewise were non-existent until a payment was made. In my opinion, both of these positions are contrary to a plain reading of R.C. 4123.93 and R.C. 4123.931. I would hold that Ms. Verlinger was a claimant. In addition, I would hold that Ms. Verlinger's notice requirements were not dependent on the timing of the payment from the BWC to Ms. Verlinger.

Claimant

{¶23} I would not follow the Sixth District's *Dernier* decision as I find its analysis of the definition of a "claimant" incomplete. R.C. 4123.93(A) defines "[c]laimant" as "a person who is eligible to receive compensation, medical benefits, or death benefits under [relevant Chapters] of the Revised Code." The *Dernier* court noted that "eligible" means "qualified to be chosen." *Dernier* at ¶ 28, citing *Merriam Webster's Collegiate Dictionary* 374 (10th Ed.1996). The court continued:

> Although an application for benefits is a prerequisite, in and of itself the application does not qualify an applicant to be chosen for benefits. More is clearly required. Moreover, at the time she settled with appellee insurer, appellee Dernier's application had been rejected and she was certainly not qualified for benefits.

*Id.* at ¶ 29. The court then focused on the word "is" immediately preceding "eligible" in the statutory definition. *Id.* at ¶ 30. Because "is" is a present tense verb, the court concluded a "claimant" is someone who is "presently eligible to receive benefits." *Id.* at ¶ 30-31. While "is" does refer to a present status, the court did not fully analyze the meaning of "eligible." The court noted that "eligible" means "qualified to be chosen," but did not examine the meaning of the word "qualified" or the phrase "to be chosen." *See id.* at ¶ 28.

{¶24} "To be chosen" implies a future determination. Using *Dernier*'s language at ¶ 29, the "[m]ore" that is required following the application for benefits is that the applicant's qualifications be determined. If proven qualified, the applicant is chosen.

{¶25} "[Q]ualified" means "[p]ossessing the necessary qualifications." Black's Law Dictionary 1275 (8th Ed.2004). Within the workers' compensation context an individual is qualified if, inter alia, she is injured "in the course of, and arising out of, the injured employee's employment." *See* R.C. 4123.01(C) (defining "[i]njury" for purposes of R.C. Chapter 4123). An

employee possesses that qualification the moment she is injured. The injury either did or did not occur during the course of employment. The existence of this qualification does not change while an employee is awaiting a determination of her entitlement to benefits, nor does it change while the parties pursue appeals from that determination[3].

{¶26} Likewise, an employee's status as a claimant should not fluctuate throughout the appeals process. I would find that a "claimant" remains a "claimant" until a final determination is reached that is no longer subject to appeal. This interpretation comports with the plain language of the statute and the legislature's choice of the term "eligible" when defining "claimant" in R.C. 4123.93(A). Had the legislature intended to limit the definition of claimant to only those who had been determined qualified for benefits, it would have used the term "entitled" rather than "eligible." *See*, *e.g*., R.C. 4123.414 ("Each person *determined eligible*, pursuant to R.C. 4123.413 of the Revised Code, to participate in the disabled workers' relief fund *is entitled* to receive payments * * * ." (Emphasis added.)).

{¶27} In the present case, Ms. Verlinger filed a first report of injury with the BWC stating that her regular work hours were from 9:30 a.m. to 6:00 p.m. and that the injury occurred at 7:00 p.m. while she was "driving to a customer's house to perform work at the customer's location." The BWC disallowed the claim because there was "no proof claimant was in the course of employment when the accident occurred." At the district hearing officer level, Ms. Verlinger testified that she often goes to customers' homes to do repairs after her shop closes for the day. The district hearing officer found that she was injured "in the course of and arising out

---

[3] The BWC's determination can be appealed to the Industrial Commission where there are three levels of review – district hearing officer, staff hearing officer, and full commission. R.C. 4123.511(B)-(E). The matter can be further appealed to the common pleas court, which can be appealed in the same manner as other civil appeals. *See* R.C. 4123.512(A) & (E).

of her employment." The fact that Ms. Verlinger was injured "in the course of and arising out of her employment" and, thus, qualified to receive benefits did not change between when the BWC disallowed her claim and when the district hearing officer allowed it. Rather, it appears that Ms. Verlinger's testimony before the district hearing officer provided the "proof" that was lacking when the BWC made its initial determination.

**{¶28}** The BWC's initial denial of Ms. Verlinger's application for benefits did not change her eligibility status. She remained "qualified to be chosen" and, in fact, was chosen by the Industrial Commission to receive benefits. Although Ms. Verlinger's claim for workers' compensation benefits was initially denied, "she was navigating the BWC appeals process in the hopes of receiving" and "had a reasonable expectation that she would" receive benefits. *See Ohio Bur. of Workers' Comp. v. Kidd*, Franklin C.P. No. 07CVH08-10619 (Oct. 1, 2008). Thus, I would find that she was a "claimant" at the time of her settlements and had a statutory obligation to provide notice to the BWC.

Timing of Payment

**{¶29}** The second concurring opinion would hold that Ms. Verlinger was not obliged to provide notice under R.C. 4123.931(G) because the BWC had not made a payment and, therefore, had no subrogation rights under R.C. 4123.931(A). I disagree as these sections address different parties and different rights and obligations.

**{¶30}** R.C. 4123.931(A) addresses a right of recovery the BWC has against a third party. It does not address rights and obligations between the BWC and a claimant. Section (A) provides: "The payment of compensation or benefits pursuant to [relevant Chapters] of the Revised Code creates a right of recovery *in favor of a statutory subrogee against a third party* * * *." (Emphasis added.) R.C. 4123.931(A).

**{¶31}** By contrast, R.C. 4123.931(G) imposes an obligation on a claimant to provide notice to the BWC. Section (G) provides: "*A claimant shall notify a statutory subrogee* and the attorney general of the identity of all third parties against whom the claimant has or may have a right of recovery, except that when the statutory subrogee is a self-insuring employer, the claimant need not notify the attorney general." (Emphasis added.) R.C. 4123.931(G).

**{¶32}** R.C. 4123.931(A) sets forth "a standard subrogation arrangement." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 42 (Pfeifer, J., concurring). But, "R.C. 4123.931(G) * * * provides something completely different * * *." *Id.* at ¶ 46. "R.C. 4123.931(G) makes the statutory subrogee a mandatory player in settlement discussions between the claimant and the third party." *Id.* "A claim brought under R.C. 4123.931(G) is not a subrogation claim. It is a unique claim created by statute that punishes claimants and third parties for failing to include statutory subrogees in settlement negotiations." *Id.* at ¶ 47.

**{¶33}** Even *Dernier*, 2011-Ohio-150, recognized that section (A) is distinct from section (G). It stated, "there are two statutory provisions that might give rise to liability" for the insurer. *Id.* at ¶ 34. After concluding that the BWC did not have a subrogation right against the insurer under R.C. 4123.931(A), the court stated, "[t]he *other* provision by which liability might arguably attach to [the insurer] is R.C. 4123.931(G)." (Emphasis added.) *Id.* at ¶ 37. The court, then, concluded that there was no liability under section (G) because Dernier was not a claimant.

> The application of this provision to the present facts comes back to our discussion of the definition of a "claimant." The R.C. 4123.931(G) notification requirement applies wholly to the "claimant." * * * Since the claim against the tortfeasor was extinguished prior to [Dernier] becoming a statutorily defined "claimant," she had no duty to inform or otherwise act in conformity with these provisions.

*Id*. at ¶ 38-39. The *Dernier* court did not conclude that the BWC must make a payment in order to be entitled to notice under section (G). Rather, it relied on its earlier conclusion that the employee was not a claimant. As discussed above, I would hold that Ms. Verlinger was a claimant and, therefore, subject to the requirements of R.C. 4123.931(G).

**{¶34}** The plain and straightforward language of R.C. 4123.931(G) requires a claimant provide notice of third parties who may be liable to a statutory subrogee. In the first sentence, it states, "A claimant shall notify a statutory subrogee and the attorney general of the identity of all third parties against whom the claimant has or may have a right of recovery, except that when the statutory subrogee is a self-insuring employer, the claimant need not notify the attorney general." R.C. 4123.931(G). This provision contains no language requiring prior payment from the statutory subrogee to trigger the mandatory notification from the claimant.

**{¶35}** Although liability can attach if a settlement excludes an amount paid by the BWC, liability also attaches from the failure to provide notice alone. The statute is phrased in the disjunctive imposing liability, "[i]f a statutory subrogee and, when required, the attorney general are not given that notice, *or* if a settlement or compromise excludes any amount paid by the statutory subrogee." (Emphasis added.) R.C. 4123.931(G). The second concurring opinion notes that "notice is required in order to give the statutory subrogee 'a reasonable opportunity to assert its subrogation rights.'" Citing R.C. 4123.931(G). Subrogation rights, however, are not defined. Section (G) concludes that if notice is not given "the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest." R.C. 4123.931(G). "'Subrogation interest' includes past, present, and estimated future compensation, medical benefits, rehabilitation costs, or death benefits, and any other costs or expenses paid to or on behalf of the claimant by the statutory subrogee * * *." R.C. 4123.93(D).

The inclusion of future compensation and benefits within the statutory definition indicates that payment will not necessarily occur prior to the interest arising. Therefore, payment is not a prerequisite to the notice requirements of R.C. 4123.931(G).

{¶36} The legislature's decision to mandate notice irrespective of the timing of payments is logical as the claimant is uniquely situated to know of the existence of a third-party tortfeasor and a workers' compensation claim. Moreover, the claimant, to a large extent, controls the timing of her application for workers' compensation benefits and her attempts to settle or pursue claims against third parties.

{¶37} I would sustain the BWC's assignment of error and reverse the trial court's decision.


APPEARANCES:

EDWARD T. SAADI, Attorney at Law, for Appellant.

NICHOLAS A. PAPA, Attorney at Law, for Appellee, Loretta M. Verlinger.

KALLEN L. DEARNBARGER, Attorney at Law, for Appellee, Metropolitan Group Property and Casualty Insurance Company.

CRAIG S. COBB, Attorney at Law, for Appellee, Foremost Property and Casualty Insurance Company.